**FOLEY v CLEVELAND (city)**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9156. Decided Jan 14, 1929

Yetta Land, Cleveland, for Foley et.
Ben Levin and D H Laurienzo, Cleveland, for city.

**LEVINE, J**

The ordinance states that the term "common beggar" as used in the section, shall not be construed or defined as to prevent persons who are regularly connected with any charitable institution from soliciting or begging alms for or in behalf of such charitable institution.

On cross-examination of plaintiffs in error, the city sought to establish that the council for the unemployed was not a charitable institution and also sought to elicit information to the effect that the money collected by plaintiffs in error was not in reality to go to the unemployed in Cleveland. This attempt however, fell far short of the mark, and the evidence given by the plaintiffs in error in their own defense as to the purpose of the collection, and as to their connection with the Council for the Unemployed, and its purpose, is not contradicted in any manner whatsoever.

Webster in his New Supreme Dictionary, defines the word "beggar" as follows: "One who makes it his business to beg or ask for alms." Surely the word "common beggar" must be held to imply at least as much meaning as is applied to the term "beggar" alone. The evidence, in our opinion, is conclusive that these plaintiffs in error did not make it their business to beg or ask for alms. That in the collection of funds on the day of the arrest, they acted as volunteers in behalf of the unemployed of Cleveland and that they were authorized so to do by the Council for the Unemployed of Cleveland.

In construing the ordinance and particularly the exception which it contains, the court in its charge to the jury, stated that under the ordinance no person is permitted to beg in the street or ask for money unless authorized by an organization recognized as a charitable institution. The ordinance contains no such language. The language in the ordinance is that the term, "common beggar," shall not be construed to prevent persons who are regularly connected with **any charitable institution.** Any group of persons who band together for a charitable purpose and maintain headquarters for the purpose of dispensing chairty to the needy, properly comes under the term of **"any charitable institution."**

We are not concerned with the methods employed by the Council for the Unemployed of Cleveland. We are limited to a construction of the ordinance in view of the admitted evidene in the case. We have come to the unanimous conclusion under the evidence presented ·in this case, that the plaintiffs in error were not common beggars within the meaning of that phrase and within the meaning of the ordinance under which they were charged.

The judgment of the Municipal Court is therefore reversed and plaintiffs in error are ordered discharged.

Sullivan, PJ, and Vickery J, concur.